## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CABUYA CHEROKEE, SA, CABUYA
DELAWARE, SA, CABUYA FLORIDA,
SA, CABUYA SOLUE, SA, CABUYA
SPRUCE, SA, CABUYA SUWANEE, SA,
CIRCUITO INICIAL CUATRO HAS, SA,
DULCE VERDE TROPICAL DEL
PACIFICO, SA, EL AREA FINAL, SA,
FRENTE VERDE, SA, INMOBILIARIA
CEROS Y UNOS, SA, INVERSIONES
FONDO AZUL DEL PACIFICO, SA,
PLAYA COCOS DE MONTEZUMA, SA,
PLAZA ARENA SOL, SA, TERRENO
JOTA ZETA, SA, VISTA CABUYA JG,
SA, VO Y ZETA TERRENOS, SA,
VESPER BELL, LIMITADA, JERRY
SARBO, AMERICAN TRANSWORLD
CORPORATION and BETH BASHAM,

  Appellants,

v.           Case No: 8:13-cv-2942-T-30

JEFFREY DAVID VOGT, JEANETTE
MELANIE VOGT, CHED EDWARD
VOGT and SUSAN K. WOODARD,

  Appellees.

_____

## ORDER

  THIS CAUSE comes before the Court upon the Appellants' Motion for Leave to

Appeal (Dkt. #1-1) and Appellees' Answer (Dkt. #1-2).   Appellants seek leave to appeal

the judgments of the Bankruptcy Court titled Order Granting Amended Motion for Partial

Summary Judgment and Denying Cross-Motion for Summary Judgment dated January 25,

2013, and Memorandum Opinion and Order Denying Motion for Reconsideration of Summary Judgment dated August 28, 2013.   Appellees argue that these Orders are not appropriate for interlocutory appeal.

A district court may grant leave to appeal an interlocutory order if the subject issue "(1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of litigation."   *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 823-24 (S.D. Fla. 2007).   Here, Appellants have satisfied all three grounds on at least one issue – whether the Order in the previous bankruptcy case, case number 8:09-bk-03513-MGW, entitled Order Determining Debtor in Default Under Settlement Agreement And That American Transworld Corporation Is Entitled To Immediate Turnover Of Entrusted Assets, Requiring Debtor To File Supplemental Documentation Regarding Compliance With Supplemental Order Enforcing Settlement Agreement (Dkt. #316), entered on April 2, 2010, is entitled to *res judicata* effect.   That issue involves a controlling question of law for which there is a substantial ground for difference of opinion and for which an immediate appeal will advance the ultimate termination of this litigation.

The parties may address whatever issues they wish in this appeal, but are directed to focus on the issue identified.   Further, the parties should address whether this issue was properly addressed in the Bankruptcy Court prior to the entry of the Orders appealed and whether it may now be addressed for the first time in this appeal.

It is therefore ORDERED AND ADJUDGED that:

1.    Appellants' Motion for Leave to Appeal (Dkt. #1-1) is GRANTED.

2.      The Clerk shall docket the record on appeal.

3.      The Appellants shall file their Brief within fourteen (14) days of the record

on appeal being docketed.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of May, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Bankruptcy Judge Michael Williamson
Bankruptcy Clerk of Court
Counsel/Parties of Record

F:\Docs\2013\13-cv-2942 bk appeal.docx